# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| SAB ONE, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. CIV-14-1089-R |
| | ) |
| THE TRAVELERS INDEMNITY | ) |
| COMPANY OF CONNECTICUT, | ) |
| | ) |
|     Defendant. | ) |

## ORDER

Before the Court is Defendant's, The Travelers Indemnity Company of Connecticut ("Travelers") Motion to Dismiss. Doc. No. 8. This suit involves a dispute over coverage on Plaintiff's Businessowner Insurance Policy ("Policy") for damage caused to Plaintiff's property from a hailstorm in April 2013. Pet. ¶¶ 4, 11, 13.

## Standard of Review

In considering a motion under Rule 12(b)(6), the Court must determine whether the Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555, 570 (citation omitted). Although decided within an antitrust context, *Twombly* stated the pleading standard for all civil actions. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). For the purpose of making the dismissal determination, the Court must accept all the well-pleaded allegations of the

complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

## Analysis

### A. Punitive Damages

Plaintiff alleges that Travelers' conduct was "intentional, willful, malicious, and in reckless disregard to the rights of Plaintiff," thus warranting an imposition of punitive damages for its breach of contract. Pet. ¶ 22. Travelers argues that Oklahoma law precludes the imposition of punitive damages in a claim for breach of contract. Doc. No. 8, at 8.

Travelers in correct. "Under Oklahoma law, the plaintiff must recover damages for a tort before recovering punitive damages; a breach of contract alone cannot support an award of punitive damages." *F.D.I.C. v. Hamilton*, 58 F.3d 1523, 1530 (10th Cir. 1995) (citations omitted); *see also* OKLA. STAT. ANN. tit. 23 § 9.1 (West) ("In an action for the breach of an obligation *not arising from contract*, the jury, in addition to actual damages, may … award punitive damages." (emphasis added)); *Z. D. Howard Co. v. Cartwright*, 537 P.2d 345, 347 (Okla. 1975) ("As a general rule, damages for breach of contract are limited to the pecuniary loss sustained, and exemplary or punitive damages are not recoverable. This rule is not applicable, however, in those exceptional instances where the breach amounts to an independent, willful tort.").

Accordingly, Plaintiff is not entitled to punitive damages under its breach of contract claim, if Travelers' breach does not also result in independent damages in tort. But Plaintiff has also brought a claim for the tort of bad faith, for which it seeks punitive

damages. Pet. 4-6. Moreover, punitive damages are a remedy, not a claim subject to dismissal. *Cf. Medcorp, Inc. v. Pinpoint Techs., Inc.*, No. 08-cv-00867-MSK-KLM, 2009 WL 3158130, at *5 (D. Colo. Sept. 24, 2009). Accordingly, the Court declines to dismiss Plaintiff's request for punitive damages.

**B.** Breach of Fiduciary Duty

Plaintiff also brought a claim for breach of fiduciary duty. Pet. 7-8. Its main contention appears to be that the Policy did not provide for the replacement cost coverage that it requested. *Id.* ¶¶ 7-13. Because the parties have stipulated to the dismissal of Kent Stone, an insurance adjuster, as a Defendant, Doc. No. 9, the motion to dismiss is stricken as moot to the extent it seeks dismissal of this claim against Stone. Travelers further argues that the Court should dismiss this claim against it, because under Oklahoma law, insurance companies owe no fiduciary duty to the insured. Doc. No. 8, at 10.

"[T]he determination of the existence of a fiduciary relationship depends upon the factual circumstances, including the relationship of the parties involved, to each other and to the disputed transaction." *First Nat. Bank & Trust Co. of Vinita v. Kissee*, 859 P.2d 502, 510 (Okla. 1993) (citations omitted). "Oklahoma law would recognize a fiduciary duty arising out of a commercial contract if the transaction involved facts and circumstances indicative of the imposition of trust and confidence, rather than facts and circumstances indicative of an arms length commercial contract." *Quinlan v. Koch Oil Co.*, 25 F.3d 936, 942 (10th Cir. 1994) (citation omitted). In *Silver v. Slusher*, 770 P.2d 878, 883-84 (Okla. 1988), the Supreme Court of Oklahoma noted that "[i]nsurance is a contract," and held that the Oklahoma uninsured motorist statute "contains no language

which alters the basic, arms' length nature of the insured-insurer relationship." Following *Silver*, the Court of Civil Appeals of Oklahoma held that plaintiffs did not state a claim for breach of fiduciary duty against an insurance company for its failure to provide a policy with the proper amount of coverage. *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149-50 (Okla. Civ. App. 2013).

Plaintiff has not provided the Court with a statute that alters the "basic arms' length nature of the insured-insurer relationship." *See Silver*, 770 P.2d at 883-84 ("There are three separate sources which give rise to the creation of rights under Oklahoma law: the state constitution, her statutes, and her common law…. Since Farmers stood obligated neither by contract nor by statute to apprise the insured of all the facts about UMC, there was no right subject to waiver." (footnote omitted)). Because Plaintiff has not alleged facts supporting a special relationship of trust and confidence between it and Travelers, its claim for breach of fiduciary duty is dismissed. *See Beshara v. S. Nat'l Bank*, 928 P.2d 280, 288-89 (Okla. 1996) (affirming the dismissal of the plaintiff's claim for breach of fiduciary duty when the plaintiff failed to allege facts supporting the existence of a special relationship).

### C. Oklahoma Consumer Protection Act

Plaintiff also alleges that Travelers violated the Oklahoma Consumer Protection Act ("OCPA"). Pet. 15-16. Travelers argues that an insurer cannot be held liable under the OCPA for its adjustment actions, Doc. No. 8, at 20-22, because the insurance industry is regulated in Oklahoma and the OCPA does not apply to "[a]ctions or transactions regulated under laws administered by the Corporation Commission or any other

4

regulatory body or officer acting under statutory authority of this state or the United States," OKLA. STAT. ANN. tit. 15 § 754(2) (West).

The Oklahoma Constitution establishes a Department of Insurance, which is "charged with the execution of all laws now in force, or which shall hereafter be passed, in relation to insurance and insurance companies doing business in the State." OKLA. CONST. art. 6, § 22. The Insurance Commissioner has "jurisdiction over complaints against all persons engaged in the business of insurance," OKLA. STAT. ANN. tit. 36, § 307 (West), and has the power "to examine and investigate into the affairs of every person engaged in the business of insurance in this state in order to determine whether such person has been or is engaged in any unfair method of competition or in any unfair or deceptive act or practice prohibited by Section 1203" of the Insurance Code, OKLA. STAT. ANN. tit. 36, § 1205 (West).

Although Plaintiff does not dispute that Travelers is regulated by the Department of Insurance, it argues that the specific actions of which it complains are not regulated. Doc. No. 10, at 7. In its Petition, Plaintiff alleges that Travelers: (1) misrepresented the rights, remedies, or obligations that the Policy conferred; (2) failed to disclose information in an attempt to induce Plaintiff into a transaction; and (3) accepted premiums but unreasonably refused to pay benefits. Pet. 15-16. The first two allegations are certainly covered under the Insurance Commissioner's duty to investigate "an unfair method of competition or an unfair or deceptive act or practice in the business of insurance." OKLA. STAT. ANN. tit. 36, § 1203 (West). The third allegation is also included in its duty to investigate claims of unfair or deceptive practices, because this duty "deals

5

with the manner of competition of an insurance company in gaining its business, and the manner of actually dealing with its insureds, *including payment of claims*." *Conatzer v. Am. Mercury Ins. Co.*, 15 P.3d 1252, 1255 (Okla. Civ. App. 2000) (emphasis added). Travelers' conduct at issue in this suit is thus exempt from liability under the OCPA, and Plaintiff's claim under the OCPA is dismissed.

### D. Good Faith and Fair Dealing

Finally, Travelers argues that Plaintiff's claim for breach of the common law duty of good faith and fair dealing is just a restatement of its claim for bad faith. Doc. No. 8, at 22. In response, Plaintiff argues that it has stated a claim for bad faith, citing to allegations included in the section of its Petition alleging bad faith, but never referencing its allegations concerning a breach of the duty of good faith and fair dealing. The Court considers this issue conceded and dismisses Plaintiff's claim for breach of the duty of good faith and fair dealing in Count VIII of the Petition as redundant. *See* FED. R. CIV. P. 12(f)(1) ("The court may strike from a pleading … any redundant … matter. The Court may act … on its own."); *see also Dunn v. City of Newton, KS*, No. 02-1346-WEB, 2003 WL 21497002, at *1 (D. Kan. Apr. 15, 2003) (dismissing claims as redundant "in the interests of judicial economy and clarity"). Plaintiff may still pursue its claim for bad faith against Travelers, as alleged in Count II of the Petition.

### E. Additional Claims

Plaintiff also brought claims for bad faith, negligent procurement, constructive fraud and negligent misrepresentation, and negligent underwriting. Pet. 4-6, 8-15. It brought these claims against Travelers, Kent Stone, and Metzler Bros. Insurance

("Metzler"). *Id.* All parties have stipulated to the dismissal of Stone and Metzler in this case. Doc. No. 9. Thus, Travelers' motion to dismiss is stricken as moot to the extent it requests dismissal of any claims against Stone or Metzler.

In response to Travelers' motion to dismiss, Plaintiff states that because of this stipulation, no response is required to Travelers' motion to dismiss the claims for negligent procurement, constructive fraud and negligent misrepresentation, and negligent underwriting. Doc. No. 10, at 6. Plaintiff did not respond to Travelers' argument that to the extent Plaintiff seeks to bring such claims against *Travelers*, such claims should be dismissed. Accordingly, the Court considers such issues conceded and dismisses Plaintiff's claims for negligent procurement, constructive fraud and negligent misrepresentation, and negligent underwriting.

## **Conclusion**

In accordance with the foregoing, Defendant's, The Travelers Indemnity Company of Connecticut Motion to Dismiss [Doc. No. 8] is GRANTED in part and DENIED in part. The motion is granted to the extent it requests dismissal of Plaintiff's claims for breach of fiduciary duty; negligent procurement; constructive fraud and negligent misrepresentation; negligent underwriting; its claim under the Oklahoma Consumer Protection Act; and its claim for breach of the common law duty of good faith and fair dealing. The motion is denied or stricken as moot in all other respects.

IT IS SO ORDERED this 26th day of November, 2014.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE